USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/11/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHANGHAI ORIGINAL INC.,

        Plaintiff,

v.

NYC ZHANG CORP.,

        Defendant.

---

Civil Action No: 1:19-CV-06748-AKH

### PERMANENT INJUNCTION ON CONSENT

This action having been commenced by Plaintiff, Shanghai Original Inc. ("Plaintiff"), on July 19, 2019 against Defendant, NYC Zhang Corporation ("Defendant"), alleging claims against Defendants, including *inter alia*, trademark counterfeiting, trademark infringement, and unfair competition [*See* ECF No. 1]; and

This Court having jurisdiction over the subject matter of this action, and over Plaintiff and Defendant; and

The Parties having now settled the controversies between them, including the instant Action, based on the terms and conditions of a separate Settlement Agreement, dated February 7th, 2020, wherein Defendant has agreed to entry of this Permanent Injunction on Consent; it is

**ORDERED, ~~ADJUDGED~~ AND DECREED THAT:**

1. Plaintiff is the owner of the trademark(s) as shown in the following U.S. Trademark Registrations:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| JOE'S SHANGHAI RESTURANT | 2,786,562 | 11/25/2003 | IC 043: RESTURANT SERVICES |
| DEER LOGO (Design) | 2,987,527 | 08/23/2005 | IC 043: RESTURANT SERVICES |

(hereinafter, with JOE'S SHANGHAI, collectively referred to as the "Shanghai Original Marks").

2. Defendant and its officers, agents, servants, employees, and all persons in active concert and participation with them are hereby permanently restrained and enjoined:

    A.    From using the Shanghai Original Marks;

    B.    From offering services using or under the Shanghai Original Marks;

    C.    From possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale or otherwise disposing of in any manner, holding for sale or selling any goods, labels, tags, fabrics, textiles, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of the Shanghai Original Marks;

    D.    From using any logo, trade name or trademark which may be calculated to falsely represent, or which has the effect of falsely representing that the services or products of Defendant is sponsored by, authorized by, or in any way associated with Plaintiff;

E. From infringing the Shanghai Original Marks;

F. From otherwise unfairly competing with Plaintiff;

G. From falsely representing themselves as being connected with Plaintiff or sponsored by or associated with Plaintiff;

H. From using any reproduction, counterfeit, copy, or colorable imitation of the Shanghai Original Marks in connection with the publicity, promotion, sale, or advertising of goods sold by, or services offered by, Defendant including, without limitation, food and drinks and related items bearing a copy or colorable imitation of the Shanghai Original Marks;

I. From affixing, applying, annexing, or using in connection with the sale of any goods, or offering of any services, a false description or representation, including words or other symbols tending to falsely describe or represent such goods or services as being those of Plaintiff and from offering such goods or services in commerce;

J. From using any trademark or trade name in connection with the sale of any goods or services which may be calculated to falsely represent such goods or services as being connected with, approved by or sponsored by Plaintiff;

3. The Parties having entered into a separate Settlement Agreement, dated February 7th, 2020, this Permanent Injunction is entered without an award of damages, costs or counsel fees to either party.

4. This Court shall retain exclusive jurisdiction over the Parties in order to enforce the terms of this Permanent Injunction.

5. Should it become necessary for Plaintiff to enforce any term of this Permanent

Injunction against Defendant, Plaintiff shall be entitled to recovery of its reasonable attorneys' fees and costs incurred in connection with such enforcement.

**APPROVED AS TO FORM:**

**AMSTER ROTHSTEIN & EBENSTEIN LLP**
*Attorneys for Plaintiff, Shanghai Original Inc.*

By: _____

Chester Rothstein, Esq.
Richard S. Mandaro, Esq.
90 Park Avenue
New York, NY 10016

**SAHN WARD COSCHIGNANO, PLLC**
*Attorneys for Defendant, NYC Zhang Corporation*

By: _____

Adam H. Koblenz, Esq.
333 Earle Ovington Boulevard, Suite 601
Uniondale, New York 11553

*[Remainder of Page Intentionally Left Blank]*

Injunction against Defendant, Plaintiff shall be entitled to recovery of its reasonable attorneys' fees and costs incurred in connection with such enforcement.

**APPROVED AS TO FORM:**

**AMSTER ROTHSTEIN & EBENSTEIN LLP**
*Attorneys for Plaintiff, Shanghai Original Inc.*

By: _____
Chester Rothstein, Esq.
Richard S. Mandaro, Esq.
90 Park Avenue
New York, NY 10016

**SAHN WARD COSCHIGNANO, PLLC**
*Attorneys for Defendant, NYC Zhang Corporation*

By: _____
Adam H. Koblenz, Esq.
333 Earle Ovington Boulevard, Suite 601
Uniondale, New York 11553

*[Remainder of Page Intentionally Left Blank]*

## CONSENTS

The Undersigned hereby consent to the foregoing **PERMANENT INJUNCTION ON CONSENT**.

**SHANGHAI ORIGINAL, INC.**

By: _____
　　　TUN YEE LAM

Title: _President_

Dated: _February 5, 2020_

**NYC ZHANG CORPORATION**

By: _____

Title: _____

Dated: _____

**SO ORDERED:**

Dated:　New York, New York
　　　　February ___, 2020

_____
**THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE**

## CONSENTS

The Undersigned hereby consent to the foregoing **PERMANENT INJUNCTION ON CONSENT**.

**SHANGHAI ORIGINAL, INC.**

By: _____

Title: _____

Dated: _____


**NYC ZHANG CORPORATION**

By: _____Ch- Ch- OIN_____

Title: _____President_____

Dated: _____Feb 7, 2020_____


**SO ORDERED:**

Dated: New York, New York
       _Feb. 11_, 2020

_____
THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE